(No. 79-CC-0757—

AUFFENBERG LEASING, INC., and MEARL SHELTON, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 21, 1982.*

THEODORE E. DIAZ, for Claimants.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim is for property damages due to an accident which occurred March 18, 1978, at the intersection of Highway 159 and the west exit ramp of I-64 in Fairview Heights, Illinois. There were two drivers involved in the accident, Dr. Peter Bartsch and Mearl Shelton.

Dr. Bartsch was driving north on Highway 159 and passing through the intersection with the west exit ramp of I-64 at the time of the accident. Dr. Bartsch told police officers at the scene that the traffic light for his automobile was green as he went through the intersection.

Claimant Shelton was exiting I-64 by the west ramp

to proceed south on Highway 159 at the time of the accident. He also claims his light was green as he went through the intersection.

Claimant Auffenberg Leasing, Inc., owned the car Dr. Bartsch was driving. Both Claimants therefore have brought this suit, alleging that the State was negligent in maintaining the traffic signals.

The extent of the Claimants' evidence is that Mr. Shelton testified that his light was green, the police officer testified that Dr. Bartsch said his light was green, and a passenger in a third car following Dr. Bartsch testified that he assumed the light was green, because the car in which he was riding did not slow down in preparation to stop for a red light. This witness never actually saw the traffic signals.

Respondent, on the other hand, presented evidence by the Illinois Department of Transportation that they had thoroughly checked the traffic signal following the accident and had determined that the system was operating perfectly. Mr. Waggoner, an electrical technician for the Department of Transportation, testified that this particular system was equipped with a back-up system that automatically switches the lights to a flashing red signal if the normal system fails and two green lights appear in conflict to each other. Mr. Verschuyl, the electrician who serviced the lights, testified that the secondary system was working perfectly when he checked, and it had not been tripped by conflicting green lights.

Evidence was also received as to the damage suffered by the owner of each vehicle.

It is the opinion of the Court that it is more probable that one of the drivers failed to properly observe the

traffic light facing his vehicle and ran a red light. While the evidence indicates this was most likely done inadvertently by the driver who believed he had a green light, the Respondent cannot be held liable for the damages caused by the negligence of one of the Claimants. For the foregoing reason, the claim is denied.